CARSC-CV-2024-00010
FILED

STATE OF MAINE,
AROOSTOOK. ss

SUPERIOR COURT
CIVIL ACTION
DOCKETNO. CARSC-CV-2024-00010
144 Sweden St.
Caribou, ME 04736

LILLIAN AINSLEY
Plaintiff
V.

LOWES HOME CENTERS LLC.
EAST COAST FLOORING
SYNCHRONY BANK
Defendant(s)

NOW COMES PlaintiffLillian Ainsley(hereinafter "Ainsley"), and hereby states as follows:

- **I. INTRODUCTION**

1. Plaintiff, Lillian Ainsley entered into a purchase ageeement and binding contract for products and services which included laminate flooring, installation and materials for flooring installation on 11-17-2022.

2. Lowes Home Group llc. and East Coast flooring (as with its contracted installers) have conducted themselves in such a way that has breached this Agreement.

3. With filing this charge, we will be able to show a jury that Lowes Home Centers LLC. fraudulently induced Mrs. Ainsley to enter into a contract by employing unfair and deceptive acts and practices in violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121 1/2, par. 262).

4. Specifically, Lowes intentionally misrepresented the price and availability of its displayed flooring and merchandise, engaging in "bait and switch" sales tactics.

5. Lowes Home Group, LLC and East Coast Flooring for violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121 1/2, par. 261 et seq.), and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121 1/2, par. 311 et seq.)

- **II. THE PARTIES AND VENUE**

6. Plaintiff at the time of entering into the purchase agreement with Lowes Home Group LLC was a resident of Aroostook County, Maine.

7. Plaintiff from the time of purchase, to incident and time of injury was a resident of Aroostook County, Maine

8. Plaintiff's residence, where the contracted work was to be conducted was located at 1386 Presque Isle Rd. Caribou, Maine, 04736 in Aroostook County, Maine

9. Defendant, Lowes Home Group LLC. Store 2209, where the purchase and agreement originate, has an address of  in Aroostook County, Maine.

- **III. FACTS**

10. On 11-17-22, Lowes employee, Kathy Malone and LOWES Corp. acts did in fact constitute a violation of section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121 1/2, par. 312(9)). Section 2 provides that:

"A person engages in a deceptive trade practice when, in the course of his/her business, vocation or occupation, he/she:  (9) advertises goods or services with intent not to sell them as advertised;

(2) any other conduct which similarly creates a likelihood of confusion or of misunderstanding

11. These violations occurred under .Section 5(a) of the Federal Trade Commission Act (15 U.S.C.A. § 45 (1973))

"Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful. As counsel for a large retail/homegoods corporation, you are likely aware that bait and switch sales tactics have been interpreted by the Commission as illegal under section 5(a).

12. LOWES Home Group llc violated the federal trade commission act under section 5 section. Evidence will show that LOWES did in fact manipulate Mrs. Ainsley, with an alluring, but insincere offer to sell a product or service which the advertiser in truth does not intend or want to sell. Mrs. Ainsley was manipulated and lured from buying the advertised merchandise, in order for Lowes Home Group. to sell alternative flooring products to her at a higher price. (16 C.F.R. § 238 (1977).)

13. LOWES Home Group llc and East Coast flooring have shown a repeated pattern of negligence. Lowes Home Group llc and East Coast flooring failed to act with reasonable care in providing a qualified and competent contractor for the original flooring installation.

14. Lowes Installer, Brian Lambert is to be referred to as a LOWES employee, rather than an independent contractor per; Ronald Shepard v. Lowe's HIW Inc., et al., Case No. 12-cv-03893-JSW. During the course of the installation in Mrs. Ainsley's home,

15. LOWES, employee, Brian Lambert, (Lowes employee) created an unsafe conditions throughout our clients home.

16. Brian. Lambert, on three separate occasions, flooded the home, more specifically, the laundry room of Mrs. Ainsley's home.

17. Mr. Lambert failed to report these incidents to Eastcoast flooring and LOWES. Lambert not only created, but had knowledge about the unsafe conditions, yet made no attempts to fix them within a reasonable time.

18. Mrs. Ainsley filed consumer complaints with LOWES, Presque Isle store, 2209. Her point of contact was Kathy Malone with the flooring department, Greg, Flewelling, flooring manager and the day shift manager, identified as "Anne."

19. The manager, "Anne," informed, Mrs. Ainsley, that she would file a claim for damages. This claim for damages was never filed by the manager.

20. Mrs. Ainsley contacted the corporate consumer telephone line, where she learned that a claim had not been submitted as promised by the manager at the Presque Isle Lowe's store.

21. A claim was initiated via telephone for the request of Mrs. Ainsley.

22. At no time did LOWES, Eastcoast flooring, nor the "installer," Brian Lambert attempt to provide water damage restoration, or repair services.

23. An entire pine wall had to be removed and repaired in the laundry room due to water damage.

24. There was significant damage from water that had seeped through the baseboards and into the laundry rooms pine wall.

25. LOWES is liable for the water damage to the flooring, pine wall, trim, and baseboards given that employee, Brian Lambert created the unsafe condition and failed to address it within a reasonable time.

26. LOWES and Eastcoast flooring are liable for damages having knowledge of the negligence and the condition of Mrs. Ainsley's home and failing to take steps to remedy it.

27. Multiple complaints regarding negligence were filed by Mrs. Ainsley at the Presque Isle store (2209,) as well as the (800) corporate consumer line

28. On repeated occasions, LOWES employee, Brian Lambert, failed to arrive at the job site as scheduled.

29. On multiple occasions, the plaintiff documented and reported that Lambert appeared to be impaired and under the influence. Citing that Brian Lambert had slurred speech, red, glassy, bloodshot eyes, unsteady, balance, and slurred speech when he spoke.

30. Mr. Lambert failed to arrive at the job site to complete the contracted work and neglected to return phone calls, and text messages from Mrs. Ainsley,who was attempting to determine his whereabouts.

31. These incidents were documented and reported by Mrs. Ainsley and ignored by East Coast flooring and LOWES.

32. LOWES and East Coast flooring became aware of Brian Lambert's negligence, yet allowed him to continue, where his behavior and conduct continue to worsen.

33. Both LOWES and east coast flooring permitted Brian Lambert to continue with the installation knowing that he had flooded Mrs. Ainsley's home on three separate occasions and failed to report

34. Cellular records and text messages sent between the plaintiff and Brian Lambert, where he failed to appear for scheduled work on January 6th, 7th,,13th, 25th and 27th.

35. Arriving on multiple dates several hours after the agreed arrival time. Brian Lambert breached the contract between Mrs. Ainsley and LOWES by "closing out the job" in order to accept payment for services that he did not render.

36. Mr. Lambert was scheduled to complete the installation on January 25, 2023, but failed to show. In a text message, Lambert agreed to complete the work on January 27, 2023, but once again failed to arrive at the job site.

37. The work was never completed. At no time did Lowe's, or East Coast flooring attempt to pull Brian Lambert from the job site, or replace him with another installer.

38. Both companies were aware of Lamberts misconduct, negligence, repeated violations to employee policy and complaints of tardiness, substandard work, and signs of impairment.

39. Both LOWES and Eastcoast flooring were aware of not only Mrs. Ainsley's complaints of negligence, but also complaints from previous consumers. These are consumers who

also purchased materials and installation from LOWES and we assigned Brian Lambert as their installer. .
40. LOWES failed to conduct proper background checks on their employees.
41. Mrs. Ainsley informed our office that she became aware that Brian Lambert had an extensive criminal record.
42. Lambert began boasting of his multiple arrests to Mrs. Ainsley. A certified copy of Brian Lambert's criminal record was obtained.
43. Based upon the crimes listed on the certified criminal record, it shows repeated violations of a law, and substance abuse. LOWES and East Coast flooring were negligent in failing to conduct proper background investigations and permitting an employee with such an extensive criminal history into their customers homes.
44. Lowe's and East Coast flooring have knowingly and intentionally placed their own customers in situations where their safety and the safety of their home could be unnecessarily put at risk.
45. LOWES and East Coast flooring failed to confirm that Mr. Lambert was in fact qualified to conduct the work that he had been hired and sent to Mrs. Ainsley's home to perform, violating her right to safety and her right to be informed.
46. As with the recent piece of Roberts v. Lowe's Home Center, LLC, the home-repair work provided by Brian Lambert did not meet a good and workman-like manner standard.
47. The work conducted by Brian Lambert was deficient, defective and sub-standard. The vinyl flooring was not installed correctly and was incomplete in many areas.
48. There were issues with substandard work conducted by Lambert in each of the rooms within Mrs. Ainsley's home.
49. This included loose flooring, various and different types of trim used in individual rooms.
50. Brian Lambert failed to install flooring on the stairwells adequately, and appropriately. Documented and noted in files, relevant to this case, are loose balusters on the staircase, with nails protruding from areas of the flooring throughout the home.
51. This also includes areas of the home's stair railing.
52. This is a simplified list of issues and concerns regarding the initial installation.
53. At no time has LOWES taken steps to remedy the dangerous flooring within an adequate time frame, nor have they provided confident and qualified installers for the repairs. As we understand it, Brian Lambert was permitted to continue as an employee/installer with LOWES and East Coast flooring after the Ainsley incident.
54. Brian Lambert was provided with additional Installation jobs from the Presque Isle, LOWES, Lowe's, home center LLC and East Coast flooring.
55. As a result of the unsafe conditions created by Lowes and Brian Lambert, Mrs. Ainsley sustained multiple injuries, which include lacerations and puncture wounds to her hand, and feet from exposed nails on the flooring and handrails to the staircase..
56. Mrs. Ainsley has documented injuries from the unsafe installation, which includes lacerations and scrapes to the backs of her legs from the sharp and jagged edges due the negligent installation of vinyl flooring throughout the home and staircase. Also documented in medical records,

57. Mrs. Ainsley is seeking treatment for a meniscus tear in her right knee. This injury occurred as she tripped over a piece of loose flooring from the threshold between the laundry room and kitchen area.
58. Mrs. Ainsley has well documented records, including emails and cellular records that confirm she made attempts to resolve the issue from January through May 2023. Making nearly daily phone calls and sending daily emails to the LOWES corporate office..
59. Plaintiff has remained compliant throughout this process, addressing her concerns with LOWES claims supervisor, Steven Darling.
60. Mrs. Ainsley cleared her schedule in order to allow adjusters from Crawford.co and contractors from East Coast flooring into her home to assess the damage. Making every attempt to resolve this issue only to be disregarded, harassed, threatened, and slandered. In a phone call from LOWES claims adjuster, Stephen Darling,
61. Mrs. Ainsley acquired evidence where Darling admitted fault on the part of LOWES Homes Center LLC. Expressing to our client that the flooring installation he observed from the Crawford.co report was "one of the worst flooring jobs he had ever seen."
62. Stephen Darling was noted as Mocking, making light of the situation, and stating that his 12 year old daughter could have done a better job.
63. In a follow up phone call the following afternoon, Steven Darling was once again recorded attempting to bribe our client, Lillian Ainsley, with patio furniture in trade for not proceeding with legal representation..
64. Plaintiff has adjusted her schedule and daily activities to make time for continued scheduled appointments. Again, clearing her schedule to ensure that she was home on May 1 and May 2 of 2023 for an unscheduled delivery from Lowe's.
65. Mrs. Ainsley received a phone call and according to cellular records at 8:50 AM on May 1, 2023, "Mitch", a delivery driver from the Presque Isle Lowe's store (2209) attempted to deliver flooring to Mrs. Ainsley's home
66. . Mrs. Ainsley was never informed of this delivery, or a description of the items that were to be delivered.
67. Cellular records indicate that Mrs. Ainsley immediately called the delivery driver where they communicated about the delivery.
68. Plaintiff was informed that the contents of the delivery were flooring transitions, threshold's, and tread for the stairway. Mrs. Ainsley advised that she was not home to receive the delivery on May 1, but agreed to a delivery window, first thing in the morning on May 2, 2023.
69. On May 2, 2023, Mrs. Ainsley attempted to contact the delivery driver," Mitch" to confirm delivery. She attempted to call the cellular phone of this delivery driver on three separate occasions and throughout the day.
70. The driver failed to respond. Mrs. Ainsley left multiple voicemails, which he neglected to respond to as well. Mrs. Ainsley had cleared her entire schedule to ensure that she was home for the delivery of products, but LOWES refused to speak with her.
71. Records indicate that Mrs. Ainsley attempted to call the Presque Isle store numerous times, and had managers hang up on her stating that they had the right to refuse her service.
72. The refusal of services has been documented by Mrs. Ainsley on multiple accounts.

73. Mrs. Ainsley has been met with slander, harassment, and threats by LOWES management for exerting her rights as a consumer.
74. Additional cellular records from that same day show that Mrs. Ainsley called your corporate line several times, and specifically requested to speak with Amy Nelson from your corporate office.
75. Not a single representative from Lowes customer service center would provide Mrs. Ainsley with any information on the delivery, or products ordered
76. .Amy Nelson refused to speak to her client.
77. Records show over 90 attempts to speak with Amy Nelson from February to May 2023 and not a single phone call, or email was returned to the plaintiff.
78. LOWES, home group has repeatedly violated our clients consumer rights, which includes her right to safety, to choose, the right to be heard, and the right to be informed.
79. Plaintiff has made every attempt to resolve this issue without filing litigation.
80. Plaintiff retain legal counsel who attempted to communicate with Ken Bush, from East Coast flooring
81. Retain legal representation for the plaintiff, who is now out of office on personal medical leave. made arrangements for him to send a product list prior to installation
82. Mr. Bush abruptly changed the installers that have been agreed to and that Mrs. Ainsley felt comfortable proceeding with.
83. He replaced the installers that had been originally agreed-upon with two individuals who could not be confirmed by Lowes ID card alone.
84. Mr. Bush provided a business/company name associated with the two replacement installers. Yet, the business name that he provided showed absolutely no record, nor licensing through the state of Maine
85. Reiterating the fact that our client has the right to safety, which LOWES home group, LLC, and East Coast flooring have repeatedly violated.
86. Upon reviewing the product list provided by Mr. Bush with our client, it showed that not all products required for installation were on the list
87. Nowhere in the purchase list or boxes of sub flooring, which would be required for insulation underneath the vinyl planks.
88. Additional materials were missing and brought to the attention of Dan Bush, with East Coast flooring. This also included a replacement master bedroom door.
89. The original door in Mrs Ainsley's home was destroyed by Brian Lambert as he attempted to cut it to a smaller size
90. The product list also showed that two different types of flooring had been ordered.
91. The stair nose and cap-a-treads ordered by East Coast flooring had completely different color tones then the vinyl flooring.
92. In order to prevent and avoid any conflict, Mrs. Ainsley took the initiative to drive 5 1/2 hours to the Bangor, Maine Lowe's store. Mrs. Ainsley was able to visually inspect store displays of the flooring products that had been ordered.
93. Mrs. Ainsley took photographs of the different color variations of the flooring and stair treads, sending them via email to our office.

94. After reviewing the product samples, it was immediately apparent that Eastcoast flooring had failed to ensure that the stair tread and transitions color coordinated and matched with the vinyl flooring.
95. These were two completely different and conflicting tones and types of flooring.
96. One being a darker oak product, while the other was a toasted chestnut, with a reddish hue.
97. This should be embarrassing to Lowe's home center LLC and it shows the type of incompetence and clear negligence that our client has dealt with since November 17, 2022, when the original purchase was made.
98. Thursday, June 1, 2023. Three LOWES employees arrived at Mrs. Ainsley's home for an unapproved "delivery."
99. Two of the employees arrived in their own personal vehicle, a gray four-door sedan
100. Mrs. Ainsley had knowledge of one of the employees on her property and confirmed that this particular subject had multiple narcotics arrests and convictions. It has also been confirmed that Gregory Flewelling, (LOWES flooring manager,) was also present on Mrs. Ainsley's property
101. . That same afternoon, Mrs. Ainsley attempted to obtain additional information as to why all three Lowes employees were on her property, and attempted to obtain a hardcopy of the product list ordered by East Coast flooring.
102. It was there that Mr. Flewelling informed our client that he was not allowed to speak with her, or to provide her with any services.
103. He stated that his employment had been threatened with termination if he provided her with any information, or services.
104. "Mr. Flewelling, was informed by your supervisors that you were not permitted to speak with, provide information to, or render service to Mrs. Ainsley, yet, he observed on her private property on June 1, 2023 after driving to the location in your own personal vehicle
105. Mr Flewelling alleges that he was threatened with termination for providing services, or information to Mrs. Ainsley, precisely yet again he was he observed on surveillance cameras, with two other male subjects standing outside of Mrs. Ainsley's front door and attempting to make contact with her.
106. The plaintiff has also been burdened with fraudulentcredit card fees on her, my LOWES account for products and services that we're not rendered
107. To date, the Installation has not been completed and the existing flooring will have to be removed throughout
108. Mrs. Ainsley's entire household due to negligent and dangerous conditions/installation.
109. The initial installer, Brian Lambert was reported as leaving Mrs. Ainsley's home with all materials; including vinyl, flooring and materials purchased through our clients, Synchrony Bank- My LOWES credit card.
110. He took unauthorized control over these materials without our clients knowledge, and or consent
111. . Over $8200 was billed to Mrs. Ainsley's Synchrony bank, my Lowe's credit card for the flooring, materials, and installation.

112. Reiterating that no products or services have been rendered.
113. Mrs. Ainsley has been forced to pay a monthly credit card balance since November 17, 2022 for services not rendered.
114. This card and the existing balance is reflected on Mrs. Ainsley's current credit report shows the unpaid balance. A dispute was filed by Mrs. Ainsley in February, 2023.
115. Additional complaints were filed through the consumer federal protection bureau, as well as the federal trade commission.
116. Mrs. Ainsley has been denied a line of credit and loans due to the fact that this is an open credit card dispute.
117. Plaintive has been repeatedly, harassed by synchrony bank for payment and fun to do for services, and products that were not delivered, nor rendered
118. In an email sent on October 6, plaintiff received notice from synchrony bank, that no amount was due. On the date of October 24, 2023, plaintiff received a bill from synchrony bank stating that she owed t synchrony bank, and Lowe's over $5000 with a minimum of $51 is due on November 15, 2023
119. In a letter dated October 13, 2023, this company advised that the matter was under investigation and my payments would not be required. Yet they continue to take funds unlawfully from the plaintiffs bank account in the amount of $150. Then continued with the man's for funds up to $256 for a minimum payment
120. On November 16, 2023 synchrony bank unlawfully took $150 from the plains bank account on a demand for payment for services and products that were never rendered
121. Additional fraud from Lowe's from synchrony bank has been documented. On the date of, November 23, 2023, plaintif received a statement from synchrony bank advising that her minimum payment has no jump from $30 to $256
122. December 9, 2023, plaintiff received information from Experian that there has been a change to her credit report.
123. Upon reviewing the information that had been reported, synchrony bank had reported to the credit bureau, a delinquent payment, and an increase in the amount owed, all fraudulent information.
124. Synchrony bank has violated the fair credit reporting act and continues to commit fraud.
125. Synchrony bank has failed to investigate the disputes that have been reported and filed for services and products that were not provided, or rendered.
126. Not once has a single representative from synchrony Bank ever contacted the plaintiff, or advised on how to participate in the dispute process.
127. Plaintiff spoke with a representative identified as "Alicia" via telephone on December 9.
128. Synchrony bank associate "Alicia" advised on a recorded line that she would re-open the dispute and provided a link via text message.
129. She stated that the link provided would allow the plaintiff to upload documents and photographs. The link only provides access to the Lowe's website. It did not allow the plaintiff to enter any information, file, disputes, or upload photos
130. Synchrony has sent responses to the consumer federal protection bureau, indicating that they were " looking into the matter and would need more time to respond."

131. This has occurred for over a year. They have had 12 months to resolve this issue. At no time have they contacted the plaintiff, attempted to resolve this, investigate in any way, or manner.
132. In a posted letter, synchrony, bank advised that Lowe's informed them that the matter had been resolved, and that payment should proceed.
133. Synchrony bank has refused to provide the name and contact information of whomever they spoke with at Lowe's
134. They have not provided any services or products that would require payment.
135. Over $18,000 worth of damage was done to the plaintiffs home that she had to pay out-of-pocket for to repair.
136. Adding to this, plaintiff was physically injured to the point where required surgical intervention
137. There has been documented and repeated civil harassment on the part of Lowe's and synchrony bank..

## **DAMAGES**

Since the date of November 17, 2022, when Mrs. Ainsley made the original purchase of flooring materials at the Presque Isle, LOWES, she has been subjected to:

- Bait and switch tactics during the initial sale of products and services. Providing false information about times, dates, and locations where the goods are available. Misrepresenting and providing false information about products and services available for purchase.
- Overcharged for products, materials and services that were not needed, or rendered
- Repeated acts of negligence in regards to providing incompetent installers- resulting in property damage in an amount over $18,000.
- Negligence resulting in physical injury
- Repeated Violations of the consumer rights act
- Lowes Home Center llc/ECF committing repeated acts of fraud in both sales, service, Installation and Payment services contracted between our client, Lillian Ainsley and Synchrony Bank; an affiliate with LOWES corporation
- Violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121 1/2, par. 261 et seq.), and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121 1/2, par. 311 et seq.
- Lost income and wages. Mrs. Ainsley had intentions of selling her home upon completion and installation of her flooring. This process has been delayed due to negligence four over five months.
- Reoccurring payments on her synchrony bank, my Lowe's card for products and services that were not rendered
- Emotional distress and trauma
- Slander
- Harassment/threats
- Refusal of services

- Continued and repeated violations to the fair credit reporting act. Negative notations added to her credit report while this matter is disputed
- Physical injury caused by the negligence of the Lowe's installer. The Plaintiff has undergone extensive medical treatment for injuries which include a torn meniscus to her right knee. Surgical intervention has been deemed necessary. This injury has caused extensive pain and suffering.

- **ATTORNEYS FEES**

The plaintiff had retained a civil attorney to resolve this matter. Which brings the matter of lost funds having to retain legal representation. Send attorney has had two excuse himself from this case due to a medical crisis within his family. It is my understanding that his wife is terminally ill, and has taken leave to be by her side.

Plaintiff will be seeking legal representation show this matter proceed to trial.

- **JURY REQUEST**

Plaintiffs respectfully request a trial by a jury of their peers on all matters triable to a jury.

- **PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that judgment be rendered against Defendant, Lowes Home Group llc., for an amount in excess of the jurisdictional limits of this Court. Plaintiffs further pray for all other relief, both legal and equitable, to which they may show themselves entitled.

Respectfully submitted,

*[signature]*

Lillian Ainsley
6161 El Cajon Blvd 805 San Diego, California 92115
(619) 886-7315
L.moses@dublin.com

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Whole shipment allowance from me is $100. Forwarding Agent if excluded from software purposes. If exception from the rule is applicable.

7022 2410 0003 1129 3151

Lillian Ainsley
4724 VIRGINIA DARE DR
WASHINGTON NC 27889

stamps
endicia

$2.11   US POSTAGE
FIRST-CLASS
Mar 20 2024
Mailed from ZIP 27889
4 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 3

10582201

062S0014949887

RECEIVED in LEGAL
MAR 27 2024

6 4

MAR 26 REC'D
Lowe's SSC - M

Lowes Home Goods LLC
1000 LOWES BLVD
MOORESVILLE NC 28117-8520

Shipped using PostalMate
Pkg: 428344